Gants, J.
On July 10, 1998, this Court allowed the defendant’s motion for summary judgment on plaintiffs claim of age discrimination but denied it as to handicap discrimination [8 Mass. L. Rptr. 643]. Now, roughly eight months after that decision, with trial scheduled for May 11,1999, the defendant moves for reconsideration of that decision. After review of that motion and the key cases cited by the defendant, the motion for reconsideration is DENIED.
The defendant argues that the plaintiff, E. Bernard Plante (“Plante”), was not a “handicapped person” within the meaning of G.L.c. 151B, §4(16), because there is no evidence that he was regarded by the defendant as having a physical impairment “which substantially limits one or more major life activities of a person.” G.L.c. 151B, §1(17). However, the record reflects that plaintiff had malignant lymphoma in 1990, that he suffered from fatigue and malaise related to the cancer until his termination in 1994, that his supervisors referred to his health problems in every performance appraisal he received until his termination, and that the ratings from these performance appraisals were given 80 percent weight in determining who would be laid off. Since “working” is defined as a “major life activity,” G.L.c. 15IB, §1(20), and since there is evidence that the defendant regarded Plante’s lymphoma as a physical impairment that substantially limited his ability to work, Plante is a “qualified handicapped person” under c. 15IB, §4(16) who may not be discriminated against in employment because of his handicap. The Guidelines issued by the Massachusetts Commission against Discrimination regarding handicap discrimination, cited by the defendant, support this interpretation. MCAD Guidelines: Employment Discrimination on the Basis of Handicap — Chapter 151B. Section 4 of those Guidelines provides:
An individual is considered to be “handicapped,” even if s/he has no physical or mental impairment that substantially limits one or more major life activities, if the individual is regarded as having such an impairment. For example, a person who has high blood pressure or a spinal defect or is morbidly obese might have no functional impairments, but may be “handicapped” if their employer regards such condition as a health risk or believes that hiring him/her will increase group insurance rates.
Id. at Section 4. There is evidence in the record, viewed in the light most favorable to the plaintiff, that permits the inference that the defendant regarded Plante’s lymphoma “as a health risk.”
*177 The breadth of this definition, as noted in my summary judgment decision, is best illustrated by the Supreme Judicial Court’s decision in Dartt v. Browning-Ferris Industries, Inc., 427 Mass. 1 (1998). In Dartt, an employee was fired after his tractor-trailer had flipped over while he was reaching for a soda. Id. at 4. He claimed handicap discrimination because, two months before the accident, he had returned to full-time work after being out of work for two years recovering from two back operations. Although there appears to have been no evidence that the plaintiff continued to suffer from his back injuries after he returned to work or that his employer believed he suffered any lingering effects, the Supreme Judicial Court declared, “While we agree that the evidence was slight, we cannot say as a matter of law that there was insufficient evidence for the jury to conclude that, at the least, Dartt was ‘regarded by [his employer] as having an impairment.’ ” Id. at 17. In the instant case, Plante had malignant lymphoma, received radiation treatment for that cancer, and was recognized by his employer as suffering from the effects of this cancer even after he returned to work. As in Dartt, while I agree that the evidence was slight, I cannot say as a matter of law that there was insufficient evidence for a factfinder to conclude that Plante was regarded by his employer as having an impairment.
The defendant fails to address the controlling precedent of Dartt, and focuses instead on two recent federal cases, neither of which is controlling and both of which are distinguishable from the facts in the instant case. In Nowe v. Shaw’s Supermarkets, (D.Mass. Jan. 14, 1999) (unpublished), the United States District Court found that an obese plaintiff was not regarded as having an impairment under Massachusetts law when, in contrast to the instant case, there was no evidence that any representative of the defendant had said anything about the plaintiffs weight or physical condition. Id. at 5. In Tardie v. Rehabilitation Hospital of Rhode Island, 1999 WL 81292 (1st Cir. Feb. 24, 1999), the First Circuit found that an employee with a heart problem did not have and was not regarded as having an impairment under the federal Americans with Disabilities Act when the only consequence of her medical problem was that she could not work more than foriy hours per week. Id. at 3. Even if I were to find that the Supreme Judicial Court would interpret G.L.c. 15 IB in the same limited fashion, which I doubt, there is evidence in the instant case that Plante’s medical condition affected his work within the traditional forty hour workweek.
In short, while the evidence is admittedly thin, looking at that evidence in the light most favorable to the plaintiff, there is sufficient evidence .o infer that Plante’s low performance ratings were affected by the defendant’s perception of his medical condition and that these low ratings caused his termination under the formula devised for the reduction in force plan. As a result, summary judgment must be denied on the handicap discrimination claim.[1] The plaintiffs motion for the attorneys fees incurred in responding to this motion for reconsideration is also denied.

 I recognize that the defendant has sought a hearing on this motion and that no hearing was held. Under Superior Court Rule 9D, the decision to hold a hearing rests in the discretion of this Court. No hearing was needed on this motion.